**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

      - against -                            **08 Cr. 850 (JGK)**

**RAFFAELLO FOLLIERI,**                    **MEMORANDUM OPINION**
                                                 **AND ORDER**
                      Defendant.
_____

**JOHN G. KOELTL, District Judge:**

    The parties have resolved all issues with respect to the victims who should be included in the restitution order, with the exception of six former employees of the Follieri Group (the "former employees"). Counsel for the former employees argues that they are victims within the meaning of the Mandatory Victim Restitution Act ("MVRA"). The defendant, the Government, and the representative of another victim assert that the former employees are not victims within the meaning of the MVRA.

    The MVRA defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2).

The Information to which the defendant pleaded guilty charges the defendant with one count of conspiracy, in violation of 18 U.S.C. § 371, to commit wire fraud from at least in or about May 2005 through and including in or about June 2007.  The Information alleges that the defendant engaged in various overt acts to further the conspiracy from September 28, 2005 through December 22, 2006.  The Information also charges the defendant with eight substantive counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2, based on wire transfers made between August 22, 2005 and February 13, 2007; and five counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and 2, based on wire transfers made between September 13, 2005 and December 22, 2006.

The former employees allege that they are victims of the defendant's conspiracy to commit wire fraud because the funds that were fraudulently obtained from investors were intended to be used to pay their salaries, but were in fact not used to pay their salaries because the defendant misdirected the funds to pay his own personal expenses.  The former employees, however, represent that they received their salaries in full through June 2007 and that they did not stop receiving their salaries until July 2007.  The former employees also allege that the defendant

made misrepresentations to them to induce them to keep working when they were not being paid.

While the former employees may have been harmed by the defendant's actions, they are not "victims" of the defendant's offenses charged in the Information within the meaning of the MVRA. First, the former employees were not directly and proximately harmed by the defendant's acts of wire fraud or money laundering or by his criminal conduct in the course of the conspiracy. They did not, like investors, invest or make loans to the defendant as a direct and proximate result of the misrepresentations alleged in the Information. Moreover, under the MVRA, losses that are not clearly causally linked to the offense should not be subject to mandatory restitution. United States v. Reifler, 446 F.3d 65, 136-37 (2d Cir. 2006). Second, the former employees' claims did not arise until July 2007, and the conspiracy to which the defendant pled guilty ended in June 2007, and all of the substantive offenses were committed prior to that date. The former employees therefore could not have been directly harmed by the defendant's conduct in the course of the conspiracy or by the substantive offenses charged in the Information. The former employees' application to be included in the order of mandatory restitution is therefore **denied**.

The parties are directed to submit a proposed judgment of restitution with respect to the agreed upon victims, including a proposed payment schedule. The parties should also provide the Court with the original stipulations with the other victims so that the Court can enter them. Finally, the parties should advise the Court whether any of the documents in connection with restitution should be filed under seal or in a redacted fashion.

SO ORDERED.

Dated: New York, New York
       January 19, 2009

                                    _____
                                    John G. Koeltl
                                    United States District Judge